**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Roshani Gurung,<br>Petitioner,<br>v.<br>Pamela Bondi,<br>Respondents. | No. CV-26-02178-PHX-DJH (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 4 at 4).[1]

## I. BACKGROUND, PROCEDURAL POSTURE, AND HABEAS CLAIMS

On March 30, 2026, Petitioner Roshani Gurung ("Petitioner" and/or "Gurung") filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging her immigration detention ("Petition") (Doc. 1). In the Order screening the Petition, the Court recounted:

> Petitioner is a native and citizen of Nepal who entered the United States on or about January 17, 2024, as an asylum applicant. The same day, Petitioner

[1] Citation to the record as "Doc." indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-26-02178-PHX-DJH (DMF).

> was taken into Immigration and Customs Enforcement Custody. An immigration judge (IJ) ordered Petitioner's removal on August 5, 2025. Petitioner's appeal of the IJ's decision is pending. Petitioner has no criminal record.
>
> Petitioner acknowledges she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). However, she alleges her detention, which has lasted more than 14 months, has become prolonged and violates the Fifth Amendment Due Process Clause and the Eighth Amendment. She seeks release from custody or a bond hearing.

(Doc. 4 at 1-2). The Court ordered Respondents to answer the Petition (*Id.* at 3).

On April 21, 2026, Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 9), in which Respondents oppose Petitioner's release. Petitioner filed a reply "Reply" (Doc. 11). Upon review of the parties' filings, the Court ordered Respondents to file documentary evidence in support of their Answer and file a status report regarding any petition for review filed with the Ninth Circuit in connection with Petitioner's immigration proceedings (Doc. 12).

On June 10, 2026, Respondents filed a status report reiterating their opposition to Petitioner's release and supplying documentary evidence in support of their position (Docs. 14, 14-1, 14-2, 14-3). On July 6, 2026, counsel for Petitioner filed a response to Respondents' June 10, 2026, status report (Doc. 15).

In the Petition and Answer, the parties represent that Petitioner is a native and citizen of Nepal who presented herself at a port of entry on January 17, 2024, seeking asylum (Doc. 1 at 4). However, the documentary evidence attached to Respondents' status report contradicts the parties' representations in several respects (*see* Doc. 14-1). First, the date of entry differs from the parties' assertions. The February 13, 2025, Notice to Appear attached to Respondents' status report reflects that Petitioner "entered the United States at an unknown location on or about 2025-01-17" (*Id.* at 2). Second, the manner of entry differs from the parties' assertions. Rather than presenting at a port of entry, the Notice to Appear reflects that Petitioner "entered the United States at an unknown location" (*Id.*). Indeed, the Immigration Judge's order regarding Petitioner's immigration claims recounts

that Petitioner is "a native and citizen of Nepal who entered the United States without inspection on or about January 17, 2025, at or near Sasabe, Arizona" (Doc. 15 at 8). The order further reflects that Petitioner "admitted the truthfulness of the factual allegations in the NTA" (*Id.*).

Further contrary to the parties' initial assertions, the Notice to Appear did not charge Petitioner as an arriving alien but rather charged Petitioner as "an alien present in the United States who has not been admitted or paroled" (Doc. 14-1 at 2). Additionally, there is no documentary evidence regarding the date Petitioner was taken into ICE custody.

In short, documentary evidence reflects that Petitioner entered the United States without inspection on or about January 17, 2025, some time thereafter Petitioner was charged as "an alien present in the United States who has not been admitted or paroled," and Petitioner was subsequently detained pending her immigration proceedings. On August 5, 2025, an Immigration Judge denied Petitioner's immigration claims (Doc. 1 at 4) and on March 30, 2026, the BIA dismissed Petitioner's appeal (Doc. 14-2). Petitioner thereafter filed a petition for review with the Ninth Circuit, and a temporary stay of removal is currently in effect (Doc. 14-3). Based on the publicly available ICE Online Detainee Locator System, Petitioner remains in custody at the Eloy Detention Center.[2]

In her Petition, Petitioner states that she is an arriving alien subject to mandatory detention under § 1225(b) but argues that she has a constitutionally protected due process right against unreasonably prolonged detention (Doc. 1 at 4-5). Petitioner further acknowledges that neither the Ninth Circuit nor the Supreme Court have not yet considered the constitutionality of prolonged detention under § 1225(b) but urges this Court to follow the majority of district courts in concluding that prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process (*Id.* at 9-14). Petitioner asks the Court to apply the six-factor test set forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. June 12, 2019), to determine that Petitioner's detention has become unreasonably prolonged (*Id.* at 14-19). Petitioner alternatively argues that her

---

[2] *See* https://locator.ice.gov/odls/#/search (last accessed July 27, 2026).

detention is impermissible because she has a substantial challenge to removability and her prolonged detention violates the Eight Amendment prohibition against excessive bail (*Id.* at 19-25).

In their Answer, Respondents contend that Petitioner is subject to a final removal order and thus subject to detention under § 1231 (Doc. 9). However, in their status report Respondents modify their position consistent with the documentary evidence arguing that Petitioner's removal is stayed by the Ninth Circuit and thus Petitioner is subject to detention under § 1225(b) (Doc. 14). Respondents contend that § 1225 applies regardless "how far into the country the alien traveled or how long the alien managed to evade detection" (*Id.* at 3). In support of their position, Respondents cite Fifth Circuit authority and a decision of Judge Liburdi from this District (*Id.* at 3-4). However, Respondents acknowledge "that the majority of district courts, including this one, have rejected their position" (*Id.* at 4). Respondents also acknowledge that Petitioner appears to be a member of the bond eligible class discussed in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025), but insist that *Bautista* has no preclusive effect outside the Central District of California (*Id.* at 5-7). Respondents oppose Petitioner's request for relief but ask that "any order granting Petitioner relief direct the Respondents to provide a bond redetermination hearing within fourteen (14) days or release Petitioner from custody under the same conditions that existed before detention" (*Id.* at 8).[3]

In her Reply, Petitioner reiterates her position that prolonged mandatory detention under § 1225 violates due process (Doc. 11). In her response to Respondents' status report,

[3] Respondents also argue that "[o]nly Warden Eric Rokosky is a proper respondent" and ask the Court to "dismiss all Respondents other than Warden Eric Rokosky" (Doc. 14 at 2). "[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Ninth Circuit Court of Appeals has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024). Although *Doe* and *Padilla* set forth the rule that a habeas petitioner must name the warden of the facility where they are detained, the decisions did not preclude naming more than one Respondent as long as the immediate custodian is named. Because Petitioner named her immediate custodian Warden Eric Rokosky as Respondent, the dismissal of the remaining Respondents is not recommended.

Petitioner states that the sole legal basis upon which Petitioner's asylum application was denied has since been vacated and thus Petitioner's asylum claim may be remanded for reconsideration under applicable law (Doc. 15).

## II. DISCUSSION

### A. Jurisdiction

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Generally, "challenges to the statutory framework that permits the alien's detention without bail," *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018), "questions of law" raised in the application or interpretation of detention statutes, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011), and "[c]laims that the discretionary bond process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)). Thus, the Court has jurisdiction over the Petition.

### B. Petitioner is Entitled to a Bond Hearing

Based upon the documentary evidence presented to the Court, Petitioner entered the United States on January 17, 2025, without being admitted or paroled and remained in the United States some time before she was detained pending removal proceedings. As Respondents acknowledge, "the majority of district courts, including this one, have rejected their position" that aliens such as Petitioner are subject to mandatory detention under 8 U.S.C. § 1225. Indeed, this Court in *Echevarria* concluded that "an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States" is "entitled to a bond hearing under § 1226(a) as a matter of statutory construction[.]" 2025 WL 2821282, at *4, *10. Moreover, the Notice to Appear charged Petitioner as "an alien present in the United States" (Doc. 14-1 at 2) and the Supreme Court has stated that "§ 1226 applies to aliens already present in the United

States." *Jennings*, 583 U.S. at 303 (describing § 1226(a) as the default rule pertaining to aliens present in the United States). Undersigned finds the reasoning in *Echevarria* persuasive and adopts such, rejecting Respondent's position. Petitioner should be afforded a bond redetermination hearing pursuant to 8 U.S.C. § 1226(a).

Because Petitioner is entitled to a bond hearing as a matter of statutory construction, undersigned need not reach Petitioner's constitutional due process and other arguments for relief. Additionally, undersigned rejects Petitioner's assertion that immediate release is the appropriate remedy here (*see* Doc. 1 at 21). Section 1226 requires only consideration of release on bond and a bond redetermination hearing is sufficient. *See* 8 U.S.C. § 1226(a). Undersigned also rejects Petitioner's argument that the Court should intervene regarding the standard of proof for the bond hearing ordered as relief in this action (*see* Doc. 1 at 21-23). *See* 8 U.S.C. § 1226; 8 C.F.R. § 1003.19(h)(3); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1211-14 (9th Cir. 2022).

## III. CONCLUSION

As discussed above, it is recommended that the Petition (Doc. 1) be granted to the extent that Petitioner be afforded a prompt bond redetermination hearing pursuant to 8 U.S.C. § 1226(a). It is recommended that Respondent be ordered to provide Petitioner a bond redetermination hearing within seven (7) days; if a timely bond hearing is not held, Respondents should be ordered to release Petitioner from ICE custody subject to appropriate conditions of release.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be granted to the extent that Petitioner be provided a bond redetermination hearing.

**IT IS FURTHER RECOMMENDED** that Respondents be ordered to provide Petitioner a bond redetermination hearing **within seven (7) days** of the entry of judgment; absent a timely bond redetermination hearing, Respondents should be ordered to release Petitioner from ICE custody subject to appropriate conditions of release.

**IT IS FURTHER RECOMMENDED** that Respondents be ordered to file a notice

of compliance **within three (3) days** of providing Petitioner a bond redetermination hearing or releasing Petitioner.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72. In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 28th day of July, 2026.

Honorable Deborah M. Fine
United States Magistrate Judge